## CIRCUIT COURT OF LOUDOUN COUNTY

Ticonderoga Farms, Inc., et al.

v.

Loudoun County et al.

February 26, 2001

Case No. (Law) 23532

BY JUDGE THOMAS D. HORNE

Plaintiffs seek a tax refund for real estate taxes paid for 1999. In addition, they request the return by the County of Loudoun of certain filing fees paid as a condition precedent to their re-enrollment in the land use tax program. Prior to the tax year in question, the relevant parcels had been determined eligible for assessment based upon use rather than fair market value. The use value assessment was denied for the 1999 tax year because of plaintiffs' failure to make timely revalidation as required by the county ordinance. Plaintiffs contend, and the County denies, that the forms were filed prior to the November deadline.

Should the Court determine that the plaintiffs failed to show timely filing of the revalidation forms, it is the position of the plaintiff that no such filing was required for 18 of the 30 parcels assessed. These 18 parcels lay within an Agricultural and Forestal District. Thus, they argue, the provisions of the enabling legislation by which such districts may be created by county ordinance should be read so as to dispense with an annual revalidation requirement.

It is the stated policy of the Commonwealth that real and tangible personal property is to be assessed at fair market value except that taxpayers may, by

state statute and local ordinance, receive a deferral or relief from taxes on land devoted to agricultural, horticultural, forest, or open space uses. Va. Const., art. X, § 2. Pursuant to the authority granted it by the Constitution, the General Assembly has, *inter alia*, recognized use-value assessments generally (Va. Code Ann., tit. 58.1, ch. 32, art. 4) and as specifically applied to Agricultural and Forestal Districts (Va. Code Ann., tit. 15.2, ch. 43) and Conservation Easements (Va. Code Ann., tit. 10, ch. 10.1).

Loudoun County has enacted an ordinance concerning the assessment and taxation of real estate according to its use. Loudoun County, Va., Ordinances, ch. 848. The county ordinance, consistent with the administrative procedures set forth in the statute, requires that property participating in the use assessment be revalidated annually on forms prepared by the County.

The revalidation forms were prepared and given to Marion Bohley, an employee of plaintiffs, Ticonderoga Farms, Inc., and SWPP Development Co. She was instructed to deliver them to the office of the assessor located at the Loudoun County Department of Financial Services, a place she had never visited before. Ms. Bohley states that she delivered the forms to someone in that office. She took no receipt for the forms and cannot identify, by name, the person to whom the forms were delivered. Despite an intense search by the employees of the county office, the forms could not be located. They were not filed with the assessor prior to the November deadline or the extended grace period for filing.

Plaintiff's evidence falls far short of demonstrating, even by a preponderance of the evidence, that the forms reached anyone employed by the county assessor. It would be sheer speculation to assume they reached the appropriate taxing authority. Any risk of missed delivery by the courier chosen by the plaintiffs cannot be charged to the taxing authority. 1985-86 Va. Op. Att'y Gen. 308.

Plaintiffs contend that in the absence of evidence of timely filing, they were nevertheless not required to file revalidation forms as to the 18 parcels located in an agricultural and forestal district. A determination of this claim is a matter of statutory interpretation. Particularly germane to the instant inquiry are the principles of statutory construction that the words of a statute be given their plain meaning and that opinions of the Attorney General be given deference in such matters. *Browning-Ferris, Inc. v. Commonwealth*, 225 Va. 157 (1983).

The legislature has provided that land required to be valued and which is encumbered, according to statute, with a permanent open space easement need not be the subject of an application or revalidation as required by a local use value assessment program. The Attorney General has noted:

[b]y its plain language, § 10-1011, now requires lands permanently used as open space-wide conservation or open-space easements meeting the requirements of § 58.1-3230 to be assessed and taxed in the same way as lands that are being so used temporarily under a local use value assessment program. As a result, property under such an easement may be assessed and taxed for its value as open space without any application by its owner and possibly without the owner's knowledge.

1993 Va. Op. Att'y Gen. 7.

While there are substantial differences between the statutory provisions relating to permanent open space easements and those that apply to agricultural and forestal districts, this interpretation is instructive when considering the instant case. The point to be made is that there are situations where administrative requirements of the tax code permitting use value assessments may be obviated by express legislative mandate. In such situations, although a parcel may need to otherwise qualify for use value assessment, the taxpayer is under no obligation to independently file an application or seek revalidation from the taxing authority. Inclusion becomes automatic.

Had the legislature intended that the administrative requirements of making application and for revalidation to apply, they would have said so. Instead, when considering lands located in Agricultural and Forestal Districts, it chose to "automatically" qualify such lands, if the requirements for the assessment are satisfied.

Pursuant to Va. Code Ann. § 15.2-4312(A):

Land lying within a district and used in agricultural or forestal production shall automatically qualify for an agricultural or forestal Use-value assessment pursuant to Article 4 (§ 58.1-3229 *et seq.*) of Chapter 32 of Title 58.1, if the requirements for such assessment contained therein are satisfied. Any ordinance adopted pursuant to § 15.2-4303 shall extend such use-value assessment and taxation to eligible real property within such district whether or not a local ordinance pursuant to § 58.1-3231 has been adopted.

The requirements for inclusion are set forth in Va. Code Ann. § 58.1-3233. The procedures to be followed, including revalidation, are contained in Va. Code Ann. § 58.1-3234. No mention of compliance with such procedural requirements as a predicate of use-value treatment is provided for in Va. Code

Ann. § 15.2-4312. To the contrary, as noted earlier, qualification is "automatic." Unlike permanent open space easements, upon termination of a district or withdrawal or removal of land from a district, land that is no longer part of the district shall be subject to the roll-back taxes provided for in Va. Code Ann. § 58.1-3237. Va. Code Ann. § 15.2-4314.

Accordingly, the Court finds that the plaintiffs are entitled to a refund of the excess taxes paid on the 18 parcels in the Agricultural and Forestal District, but not as to the remaining 12 parcels. As to the 12 parcels, revalidation was required and not perfected. Moreover, they shall be entitled to any fees paid in connection with the revalidation as to those parcels.